**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 21, 2025

The parties' agreed schedule is accepted. The gov't's proposal to provide § 3500 material on March 3, 2025 is accepted. 1-21-25 AKHellerstein

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***United States v. Morrow-Wu, et al.*, 23 Cr. 90 (AKH)**

Dear Judge Hellerstein:

In advance of the trial scheduled for March 24, 2025 in the above-captioned case, the Government respectfully submits the following proposed pre-trial schedule as to both defendants, and in response to defendant Shangzhen Wu's proposed schedule for pretrial disclosures and filings (the "Wu Proposal"). (Dkt. 107).

While the Government agrees with the vast majority of the deadlines set forth in the Wu Proposal, the Government's proposal differs in one primary respect. Specifically, the Government proposes providing material, pursuant to 18 U.S.C. § 3500, to the defendants three weeks before trial; Wu proposes that the Government provide those materials six weeks in advance of trial. Here, the Government's proposed disclosure of 3500 materials three weeks prior to trial is reasonable under the circumstances of this case and squarely in line with usual practice in this District.

The Jencks Act itself mandates that statements and reports of Government witnesses may not be the subject of discovery or inspection "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Indeed, the Jencks Act "prohibits a District Court from ordering the pretrial disclosure of witness statements." *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). Of course—as the Court knows—typically in this District, the Government confirms that it will produce Jencks Act material and impeachment material reasonably in advance of trial, which is what the Government proposes to do here. *See, e.g.*, *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) ("[I]t is a widely recognized customary practice in this District that *Giglio* material is turned over at the same time as material under the Jencks Act . . . . Both types of material are typically produced a week or two before the start of trial, depending on the complexity of the case."); *United States v. Ulbricht*, No. 14 Cr. 68 (KBF) (Jencks Act material produced one week before trial); *United States v. Tagliaferri*, No. 13 Cr. 115 (RA) (Jencks Act material produced seventeen days before trial); *United States v. Costanza*, No. 12 Cr. 725 (KMW) (Jencks Act material produced two weeks before trial); *United States v. Whitman*, No. 12 Cr. 125 (JSR) (Jencks Act material produced two

weeks before trial); *United States v. Silver*, No. 15 Cr. 93 (VEC) (Jencks Act material produced approximately three weeks before trial); *United States v. Gupta*, No. 11 Cr. 907 (JSR) (Jencks Act material produced three weeks before trial).

The following table sets forth the deadlines proposed by Wu and the Government, with deadlines for which the parties have proposed different dates set forth in bold.[1]

| | **Wu Proposal** | **Government Proposal** |
|---|---|---|
| Expert/Rule 404(b) notices | February 18, 2025 | February 18, 2025 |
| Motions *in limine* | February 28, 2025 | February 28, 2025 |
| **3500 material** | **February 10, 2025** | **March 3, 2025** |
| Rebuttal expert notices | N/A | March 3, 2025 |
| Witness/exhibit lists | March 13, 2025 | March 13, 2025 |
| **Responses to motions *in limine*** | **March 7, 2025** | **March 13, 2025** |
| Requests to charge, voir dire, verdict forms | March 13, 2025 | March 13, 2025[2] |
| Rule 26.2 material | N/A | March 13, 2025 |
| Final Pre-trial Conference | March 18, 2025 | |

[1] Defense counsel initially advised the Government that they sought early disclosure of Section 3500 material to determine the scope of its expert testimony and provide sufficient expert notice. More recently, however, defense counsel has now stated that Wu seeks early 3500 disclosure due to the purported complexity of the case and need to know the identity of the Government's witnesses. In any event, even if the Jencks Act permits courts to compel pre-trial disclosure of 3500 materials (which it does not), neither is a proper basis to compel the early disclosure that Wu seeks, as a defendant's claimed need to prepare or investigate potential trial defenses is not a basis for early disclosure of 3500 material. *See United States v. Shaw*, 16 Cr. 642 (RJS), 2017 WL 11501885, at *2 (S.D.N.Y. Feb. 13, 2017) (denying defense motion to compel early production of all 3500 material "so [defendant] may properly prepare for trial"); *United States v. Feola*, 651 F. Supp. 1068, 1139-40 (S.D.N.Y. 1987) (rejecting defense request for early disclosure of 3500 material "to prepare and present the defense, to protect the due process rights of defendants, and to prevent undue and burdensome delays at the time of trial"). In addition, "[c]ourts in the Second Circuit typically deny motions for the early disclosure of witness lists" where defendants "have not made a specific showing of need." *United States v. Rivera*, 16 Cr. 175 (LGS), 2017 WL 1843302, at *2 (S.D.N.Y. May 8, 2017). Moreover, contrary to Wu's assertions, this case is not unusually complex compared to other white-collar cases in this District, and if anything, there is little risk that the Government's witnesses will be unknown to Wu, a former employee of the architecture firm that is the victim in this case. Simply put, the generalized assertion that Wu does not know who the Government's witnesses will be (an assertion that would apply in any case) is not a basis to order the early production of a witness list, nor is it a basis to circumvent the Jencks Act's mandates.

[2] Although March 13, 2025 was the date proposed by Wu, the Government is prepared to file sooner if the Court prefers to set an earlier deadline for requests to charge, voir dire, and verdict forms to be filed by the parties.

For the foregoing reasons, the Government respectfully requests that the Court endorse the schedule set forth by the Government above.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: /s/
Jerry J. Fang / Henry L. Ross
Assistant United States Attorneys
Tel. 212-637-2584 / 2442

cc: Defense Counsel (by ECF)